# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| T.W. LAQUAY MARINE, LLC; TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA<br><br>Plaintiffs,<br>v.<br><br>GREAT LAKES DREDGE & DOCK COMPANY, LLC<br><br>Defendant. | No. 21-cv-01221<br><br>Judge John F. Kness |

## MEMORANDUM OPINION AND ORDER

This presently-closed case (the "1221 Action") involves a request by Plaintiff T.W. LaQuay Marine for a declaratory judgment and damages for various tort and contract claims against Defendant Great Lakes Dredge & Dock Company. A parallel action featuring Great Lakes as plaintiff (20-cv-03350, the "3350 Action"), since closed as well, named T.W. LaQuay and Travelers Casualty & Surety Company of America as the defendants. In broadest terms, the litigation in both cases concerns a dredging project in which LaQuay, with Travelers acting as its surety, chartered a vessel from Great Lakes to perform dredging work in Texas on behalf of the U.S. Army Corps of Engineers. LaQuay contends that the vessel was ill-suited to the work and eventually led to LaQuay's being fired by the Army Corps of Engineers. Great Lakes contends that LaQuay breached a contract to pay for the vessel charter. And Travelers is involved in both suits because of its obligations as LaQuay's surety. Because of the

highly similar facts and claims in both actions, the Court ordered them to be consolidated.

This ruling, however, does not concern the substance of LaQuay's claims against Great Lakes or Great Lakes's claims against LaQuay. Instead, the issue at hand is the intercession of Travelers Casualty & Surety Company in both cases with a purportedly unopposed motion to dismiss. Travelers said it filed that motion in its capacity as LaQuay's "attorney in fact"—based on a reported comprehensive settlement agreement. In reliance on the representation by Travelers that the purported unopposed motion was in fact unopposed, the Court dismissed both cases.

Almost immediately, LaQuay contacted Court staff to advise that LaQuay very much opposed the motion to dismiss the 1221 Action. Following a hearing the next day, the Court gave LaQuay leave to file a motion to vacate the order of dismissal. LaQuay has since done just that, and the motion is fully briefed.

For the reasons that follow, the unusual circumstances present in this case compel the Court to vacate its dismissal of the 1221 Action. To allow the dismissal to stand in the face of those unusual circumstances and procedural irregularities—Travelers never told the Court that its right to act as "attorney in fact" for LaQuay was contested—threatens manifest injustice to LaQuay's rights and impermissibly ignores dubious conduct by Travelers. Accordingly, LaQuay's motion to vacate is granted, and the Clerk is directed to reopen the case.

I.  **BACKGROUND**

On May 18, 2020, Plaintiff T.W. LaQuay Marine sued Defendant Great Lakes Dredge & Dock Company in Galveston, Texas seeking tort and contract damages. (Dkt. 44 at 2.) The Southern District of Texas transferred that action to the Northern District of Illinois. (*Id.*) Separately, on June 6, 2020, Great Lakes filed suit in the Northern District of Illinois. (Case No. 1:20-cv-03350, Dkt. 1.) The parties stipulated to consolidation of both actions before this Court for the purposes of discovery and trial. (1:20-cv-03350, Dkt. 36.) Travelers's attorneys entered appearances in the latter-filed Great Lakes Action. (1:20-cv-03350, Dkt. 43.) Travelers's attorneys did not enter appearances in the LaQuay-filed Action until after the Court entered dismissal in that case. (Dkt. 41; Dkt. 43; *see* N.D. Ill. L.R. 83.12(a).)

Following consolidation and an initial status hearing, Travelers filed one motion to dismiss both actions on the docket of the Great Lakes Action. (1:20-cv-03350, Dkt. 54; 1:20-cv-03350, Dkt. 55.) Those motions explained that "Plaintiff T.W. LAQUAY MARINE, LLC ('T.W. LaQuay') (T.W. LaQuay by and through its attorney-in-fact, Travelers Casualty and Surety Company of America), and Defendant GREAT LAKES DREDGE & DOCK COMPANY, LLC ('GLDD'), together file this Joint Motion to Dismiss and hereby request that T.W. LaQuay's claims against GLDD be dismissed ***with prejudice*** . . . ." (1:20-cv-03350, Dkt. 55 at 1.) Despite the peculiar phrasing, the Court understood that Joint Motion to Dismiss to have been agreed on by all the parties in both cases. Thus, the Court granted the Motions to Dismiss and terminated both cases. (Dkt. 39; 1:20-cv-03350, Dkt. 56.)

3

LaQuay immediately contacted the Court, concerned that the Court terminated the case in which LaQuay was sole plaintiff without LaQuay's consent. The Court set a status hearing for that day and set a briefing schedule for motions to amend or vacate the judgment. (Dkt. 42.) LaQuay filed a motion invoking Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, seeking to reinstate the case. (Dkt. 44.) Both Travelers and Great Lakes filed responses in opposition. (Dkt. 45; Dkt. 46.) Following an additional hearing on November 8 (Dkt. 42), the Court now finds, for the reasons below, that the motion to vacate should be granted.

## II. DISCUSSION

It bears emphasis that the present issue is not whether, as Defendants vigorously assert (*see* Dkt. 45 at 6; Dkt. 46 at 6), Travelers has a contractual right to assume control of the litigation. That substantive determination concerning the legal effect of the relationship between Travelers and LaQuay is not yet before the Court. On the contrary, the present issue is one of procedure: whether Travelers could appropriately seek a voluntary dismissal when it was not a party and when it misleadingly represented the motion to dismiss as agreed to by all parties. Correctly framed, the question all but answers itself.

Plaintiff brings its motion to reopen under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. (Dkt. 44.) Those two provisions overlap, but they are not identical. *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Rule 59(e) "essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate

4

proceedings." *Id.* (citing *Charles v. Daley*, 799 F.2d 343, 358 (7th Cir. 1986)). A party seeking to prevail on a Rule 59(e) motion to amend judgment must " 'clearly establish' (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012).

Rule 60(b), however, is "an extraordinary remedy . . . designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell*, 51 F.3d at 749 (citing *McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 367 (5th Cir. 1993)). Rule 59(e)'s strict time limits allow corrections of a mistake relatively early; Rule 60(b), conversely, is reserved for exceptional circumstances, in part due to its extended timeframe. The Court finds LaQuay's motion timely filed under Rule 59(e), and that as Rule 59(e) is an appropriate vehicle for the Court to reconsider its judgment in this case, the Court analyzes Plaintiff's claim under that standard.[1]

In the 1221 Action, the Court granted Travelers's motion to dismiss based on the Court's mistaken understanding that *all* parties consented to that dismissal. (Dkt. 39.) Travelers was, to be sure, a party to the 3350 Action, and LaQuay does not contest the dismissal of that case. But Travelers was not a party to the 1221 Action

---

[1] As the circumstances surrounding the Court's dismissal of the 1221 Action were indeed "extraordinary," alternative relief under the standard of Rule 60(b) is also warranted. *Russell*, 51 F.3d at 749; *see Harrington v. City of Chicago*, 433 F.3d 542, 545–46 (7th Cir. 1989).

5

at the time it filed the purportedly-unopposed motion to dismiss both cases;[2] indeed, counsel for Travelers did not even file an appearance in the 1221 Action until two days after the Court dismissed the case. (*See* Dkt. 41; Dkt. 43.) It is now clear that LaQuay, the sole plaintiff in the 1221 Action when the case was dismissed, had not consented to dismissal. (Dkt. 44 at 7.)

Rule 41(a)—not cited either by Travelers or Great Lakes but the Rule applicable to consensual requests to dismiss an action—refers to parties and plaintiffs. *See* Fed. R. Civ. P. 41(a). Despite the parties' nonexplicit reliance on Rule 41(a), the motion to dismiss did not purport to rely on any other law or rule as authority to dismiss the 1221 Action. (20-cv-03350, Dkt. 55). Travelers *explicitly* claimed to act on Plaintiff's behalf by purporting to be its "attorney-in-fact." (*Id.* at 1.) But nothing in the motion suggested that LaQuay opposed the dismissal, nor did the motion otherwise alert the Court that Travelers was purporting to rely upon principles of surety law to commandeer the litigation from LaQuay as its "attorney-in-fact." To repeat: the *only* representation to the Court in the motion to dismiss was that Travelers was acting as LaQuay's attorney. That representation guided the Court down the path of error. *See In re Prince*, 85 F.3d 314, 325 (7th Cir. 1996) (affirming the district court's affirmance of a bankruptcy court's ruling on a Rule 59(e) motion because, "[a]s the district court summarized, the bankruptcy court here was faced with a choice: 'It could reopen the proofs and reach a correct result or it could

---

[2] Although the motion to dismiss was filed only on the docket of the 3350 Action (*see* 20-cv-03350, Dkt. 55), the caption referred to both cases, and the motion explicitly sought to dismiss all claims in both actions as to all parties.

6

knowingly enter an erroneous judgment giving Dr. Prince a $105,000 windfall as a result of his own false testimony.' We cannot find error in the bankruptcy court's choosing the former.").

In addition to the *sub rosa* treatment of the "attorney-in-fact" issue, the motion to dismiss suffered from another defect: as a nonparty, Travelers was not permitted under this Court's Local Rules to file a motion to dismiss applicable to the 1221 Action. Local Rule 5.6 states, in part, that "[n]o pleading, motion [except for motion to intervene], or other document shall be filed in any case by any person who is not a party thereto, unless approved by the court." N.D. Ill. L.R. 5.6. Any filing by a nonparty made "in the absence of" a court order approving the filing "may be stricken by the court on its own motion and without notice." *Id.*; *see also Shakman v. City of Chicago*, 2009 WL 2848863, at *1 (N.D. Ill. Sept. 1, 2009) ("Movants' failure to comply with this Rule [5.6] alone warrants denying the Motion."); *Physicians Healthsource, Inc. v. Allscripts Health Sols., Inc.*, 2017 WL 4682734, at *2 (N.D. Ill. Oct. 18, 2017) (declining to consider a motion filed by a dismissed party's attorneys). Because Travelers did not seek advance permission to submit the motion to dismiss in this case, the motion should have been ineffective under Local Rule 5.6.

These deficiencies became manifest when the Court, in error, dismissed the 1221 Action. It was the Court's error to overlook the discrepancies catalogued above, but it was an error aided by Travelers. Accordingly, to ensure that these manifest errors of both law and fact do not stand, the Court exercises its discretion to vacate the dismissal of this case under Rule 59(e).

Vacating the dismissal of the 1221 Action serves to protect important procedural requirements, even as the Court declines to reach the merits of whether LaQuay's contractual obligations authorize Travelers to act on its behalf in this dispute. Without that question having been presented to the Court through an appropriate procedural vehicle, it would be premature for the Court to decide it now. *See, e.g., Owens v. St. Anthony Med. Ctr., Inc.*, 2018 WL 4682337, at *5 (N.D. Ill. Sept. 29, 2018) ("Because the parties have not briefed that issue, this Court cannot decide it at this juncture."). Despite declining to reach that question, the Court recognizes Great Lakes's contention that Travelers has the contractual right to settle this case. (Dkt. 46 at 6–14.) But Great Lakes—and perhaps Travelers—will be able to able to address the issue more fulsomely after the case is reopened. For now, the Court reiterates that the only issue it is resolving is the propriety of reopening the case under Rule 59(e).

With the benefit of a fuller understanding of the issues in this litigation, the Court remains perplexed by the conduct of Travelers. Once Travelers decided that it had the contractual right to take over the case from LaQuay, Travelers should have moved to intervene in the 1221 Action and to allow its attorneys to file appearances. *See* Fed. R. Civ. P. 24; N.D. Ill. L.R. 5.6; N.D. Ill. L.R. 83.12(a). If Travelers had proceeded in that manner, the Court could have decided whether to issue the declaratory relief or settlement relief sought by Great Lakes and Travelers after considering the objections raised by Plaintiff. (*See, e.g.*, Dkt. 46 at 9 (citing *Hutton Constr., Inc. v. Cnty. of Rockland*, 52 F.3d 1191, 1192 (2d Cir. 1995) (district court

8

adjudicated competing claims from surety and plaintiff about propriety of settlement)).) If, under those circumstances, the Court found that Travelers had the right to settle, the Court could have dismissed the case even over LaQuay's objection. (*See* Dkt. 46 at 9 (collecting cases).) That would have been an appropriate way to address and resolve the nuanced surety-law issues that were instead raised only after dismissal.

For clarity, the Court notes that, although this order reopens the 1221 Action, it does not otherwise affect the dismissal of the 3350 Action. *See* Fed. R. Civ. P. 42(b); Fed R. Civ. P. 41(a). That the proceedings in the two cases were consolidated for purposes of pretrial matters did not mean that they were merged for all purposes. *See, e.g., Stingley v. Laci Transport, Inc.*, 2020 WL 12182491, at \*4 (N.D. Ill. Dec. 1, 2020); *see also* 9 Charles Alan Wright *et al.*, Federal Practice and Procedure § 2382. As LaQuay's motion only sought relief from judgment in this case, the Court will grant relief in only this case.

If Travelers wishes to move to intervene or to substitute a party in the 1221 Action, it may file motion to do so on or before January 10, 2022. Responses to any such motions must be filed on or before January 31, 2022. Any replies must be filed on or before February 7, 2022.

Finally, the problems in this case clearly show the costs that befall both courts and litigants when parties depart from procedural rules and norms. Because there is not a readily apparent justification for the conduct of Travelers, the Court orders counsel of record for Travelers to show cause why they should not be sanctioned for

9

the conduct outlined in this opinion. Fed. R. Civ. P. 11(c)(3). Any response by counsel to this show-cause order must be submitted on or before January 31, 2022.

## III. CONCLUSION

For the reasons provided above, the Court grants Plaintiff's motion under Rule 59(e) to vacate the dismissal order (Dkt. 39) entered on October 6, 2021. The Clerk is directed to reopen case No. 21-cv-01221.

SO ORDERED in No. 21-cv-01221.

Date: December 20, 2021

JOHN F. KNESS
United States District Judge